# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

WILLIAM BERNARD VORE,

                Petitioner,           :    Case No. 1:13-cv-800

   - vs -                          Chief Judge Susan J. Dlott
                                    Magistrate Judge Michael R. Merz

WARDEN, Richland Correctional Institution,
                                 :
                Respondent.

# REPORT AND RECOMMENDATIONS

Petitioner William Vore brought this habeas corpus action *pro se* under 28 U.S.C. § 2254 to obtain relief from his conviction in the Warren County Common Pleas Court on charges of robbery and grand theft (Petition, Doc. No. 5, PageID[1] 181, ¶¶ 1 & 5). He was convicted by a jury and sentenced to five years imprisonment.

In the Petition, Vore pleads the following grounds for relief:

> **Ground One**: The petitioner was denied his Constitutional right to due process, right to compulsory process, and rights to a fair trial in violation of the 5th, 6th, and 14th Amendments to the United States Constitution when the trial court denied an Identification Expert.

---

[1] When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page. The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference. (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.) The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy. Therefore, nonconforming filings will be stricken.

**Supporting Facts:** The petitioner requested funding for purposes of obtaining an identification expert to testify for his defense at trial and trial court denied request.

**Ground Two:** The petitioner was denied effective assistance of appellate counsel in violation of the 5th, 6th, and 14th Amendments to the United States Constitution.

**Supporting Facts:** The petitioner was denied effective assistance of appellate counsel when counsel failed to raise claims related to trial counsel's ineffective assistance, and properly raise claims of error on direct appeal.

**Ground Three:** The petitioner was denied effective assistance of trial counsel in violation of the 5th, 6th, and 14th Amendments to the United States Constitution.

**Supporting Facts:** The petitioner was denied effective assistance of trial counsel when counsel failed to investigate and subpoena several witnesses to testify for the defense, and failed to object, and elicited damaging, unduly prejudicial evidence of uncharged bad acts, and failed to request a cautionary, limiting jury instruction when this evidence was introduced.

(Petition, Doc. No. 5.)

On June 12, 2014, Magistrate Judge Bowman granted Vore's Motion to Supplement and

Amend the Petition to add four new grounds for relief which are as follows:

**Ground Four:** J.[2] The State denied Petitioner's fundamental constitutional rights to due process when the state prosecutor intentionally withheld <u>Brady</u> evidence from the defense and suborned perjury at trial violating the Petitioner's 5th and 14th Amendments to the United States Constitution and the state appellate court's ruling was contrary to well-settled United States Supreme Court precedent and was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings for purposes of 28 U.S.C. § 2254(d)(1); (d)(2).

---

[2] Vore's four new Grounds for Relief are labeled J, K, L, and M respectively in sequence with arguments A through I made in the supplement to his Petition, Doc. No. 5, at PageID 200-62. They are relabeled as Grounds for Relief Four through Seven here for consistency of reference. This pattern is continued with the unlettered Ground for Relief added by motion on October 30, 2014.

**Ground Five:** K. The Petitioner was denied effective assistance of appellate counsel in violation of the 5th, 6th, and 14th Amendments to the United States Constitution when counsel failed to raise trial counsel's ineffectiveness when trial counsel failed to object and move for a mistrial when the prosecutor intentionally introduced testimony and evidence that was never disclosed to the defense prior to trial denying Petitioner's rights to a fair trial and rights to due process.

**Ground Six:** L. The Petitioner was denied effective assistance of trial counsel when counsel failed to introduce evidence that the U.S. currency found on Petitioner at the time of his arrest wasn't money taken from the bank robbery violating Petitioner's constitutional rights under the 5th, 6th, and 14th Amendments to the United States Constitution.

**Ground Seven:** M. The Petitioner was denied effective assistance of trial counsel when counsel failed to challenge and impeach the credibility of the state witnesses, Ryan Goodman and Alexey Bogatyrev denying Petitioner's 5th, 6th, and 14th Amendment to the United States Constitution.

(Motion, Doc. No. 8.)

On October 30, 2014, the Court granted Vore leave to add one additional ground for relief:

**Ground Eight**: The state trial court erred when it resentenced the Petitioner to five years in prison for violating R.C. 2911.02(A)(3), a third degree felony when Petitioner was resentenced after the effective date of H.B. 86, and at the time of the Petitioner's Resentencing hearing the maximum penalty was 36 months in prison.

(Motion, Doc. No. 22, PageID 1395.)

**Procedural History**

Vore was indicted by the Warren County Grand Jury in 2010 on one count of robbery in violation of Ohio Revised Code § 2911.02(A)(3) (Count 1), and one count of grand theft in violation of Ohio Revised Code § 2913.02(A)(1) (Count 2). (Return of Writ, Doc. No. 10-1, Ex. 10, PageID 452.) The case proceeded to trial by jury and Vore was found guilty as charged in the indictment. The trial court merged count 2 with count 1 for the purposes of sentencing, ordered Vore to serve 5 years in prison for count 1, and ordered restitution in the amount of $9,281.00 to Fifth Third Bank.

Vore appealed to the Court of Appeals of Ohio, Twelfth Appellate District, Warren County, raising the following assignments of error:

> 1. The trial court erred when it failed to instruct the jury on the lesser-included offense of theft thus denying Appellant of his fundamental right to a fair trial.
>
> 2. The trial court erred when allowed the State to introduce evidence of other acts that were not sufficiently related to Defendant-Appellant.
>
> 3. The trial court erred when it violated Defendant-Appellant's U.S. and Ohio Constitutional rights by failing to provide adequate funds for an eye witness identification expert.
>
> 4. The trial court erred and violated Defendant-Appellant's due process rights when it overruled the suppression motion as to identification.

(Return of Writ, Doc. No. 10-1, Ex. 30, PageID 576.)

The Court of Appeals of Ohio set forth the facts of this case on direct appeal as follows:

> [¶2] William Bernard Vore was indicted for robbery and grand theft after police allege he entered a Fifth Third Bank branch in

4

Warren County, handed a demand note to the teller, took the $9200 in bills she gave him, and left the bank. . . .

***

[¶4] According to the record, within an hour or so of the crime, law enforcement officers took a photo or photos from the bank surveillance video of the robbery and visited businesses around the bank to see if anyone recognized the man in the photo.

[¶5] Motel 6 employee Freddy Woolwine recognized the man as someone he believed was staying at the motel before the robbery. Woolwine said he saw the man the previous night exiting a dark blue or black car, "like a Nissan or . . . I couldn't tell," with Iowa or Nebraska license tags. He also talked with the man briefly in the parking lot the morning of the robbery. The employee remembered the man was wearing a hat like the one the robber was wearing in the bank photo. When asked if he saw the man in the courtroom, Woolwine said, "No. He had a hat on so. . . ."

[¶6] Motel 6 desk clerk Alexey Bogatyrev told police he recognized the man in the bank photo as a customer who had checked out of the motel that morning. Bogatyrev said he saw the man a few times during the last few days and when the man checked out, he was wearing some of the same clothing as the man in the robbery photo.

[¶7] Bogatyrev gave police the registration information Vore provided when he checked into the motel, including his name and an Iowa address. Bogatyrev said he remembered the name of the patron because it is a word in his native language. Vore paid cash for his three or four-day stay at the motel. Both Motel 6 employees recall the man was seeking repairs for his vehicle.

[¶8] Police showed the bank teller a photo array of six photos a few days after the robbery. The array included a photo that was taken from Vore's Iowa driver's license and forwarded to Warren County. The teller was unable to pick out a suspect.

[¶9] Even though the bank teller was unable to identify Vore as the man who gave her the demand note, a bank manager testified that he believed Vore was the man who robbed the bank based on his review of the surveillance video of the robbery.

[¶10] A second bank employee testified she was working next to the teller's station on the morning of the robbery and she

5

remembered a man with a day planner walking up to the teller. She said the entire encounter with the teller probably lasted about a minute or so. She agreed that she told police she might not be able to identify the robber and wrote in her statement to police that she did not see anything. After describing for the jury what was depicted in the various photographs taken from the bank video, the bank employee testified she believed Vore was the individual she saw in the bank that day.

[¶11] Warren County authorities learned months after the robbery that Vore was in a Kentucky jail. He had reportedly been arrested less than two weeks after the robbery for unrelated charges that involved a police pursuit. A black pellet gun and $558 in cash were found on Vore or in the black Nissan car he was driving.

[¶12] Two experts testified they obtained handwriting samples from Vore and compared them to the "questioned writing," which was the demand note given to the teller. A forensic scientist with the Ohio Bureau of Criminal Investigation opined that Vore wrote the robbery demand note. A handwriting expert originally hired by Vore at state's expense also concluded that Vore wrote the demand note.

*State v. Vore* 2012-Ohio-2431, 2012 Ohio App. LEXIS 2140 (12th Dist.  June 4, 2012).

The court of appeals affirmed.  *Id.*  The court, *sua sponte*, noticed errors in the imposition of post-release control and remanded "only for the limited purpose of permitting the trial court to employ the PRC correction procedures of R.C. 2929.191. In all other respects the judgment of the trial court is affirmed." *Id.* at ¶ 76.  The Ohio Supreme Court declined jurisdiction to hear the case.. *State v. Vore,* 132 Ohio St. 3d 1534 (2012).

In the meantime, on August 11, 2011, and September 1, 2011, Vore, *pro se*, filed motions to reconsider the motion to suppress identifications and for a new trial in the Warren County Court of Common Pleas which were denied by the trial court on November 2, 2011.  (Return of Writ, Doc. No. 10-1, Ex. 40, PageID 731.) Vore did not appeal.

On January 24, 2012, Vore, pro se, filed a petition to vacate his conviction and sentence. In his petition, Vore set forth the following claims:

6

A. Trial Counsel's failure to investigate and subpoena witness Yvonne Baker to testify at trial constituted ineffective assistance of counsel.

B. Trial Counsel's failure to challenge the State's misconduct in presenting Petitioner to several of the State's witnesses in an impermissible suggestive manner for purposes of identifying petitioner prior to trial.

C. Trial Counsel's failure to introduce evidence that would have challenged the credibility of State's witnesses, Ryan Goodman and Alexey Bogatyrev.

D. Trial Counsel's failure to investigate and subpoena witness William Hillard to testify at trial and counsel's failure to object to introduction of inadmissible hearsay testimony and evidence.

E. Trial Counsel's failure to file a motion to suppress evidence and challenge law enforcement's search and seizure of evidence from Petitioner's vehicle from the State of Kentucky.

F. Trial Counsel's failure to investigate and introduce evidence that the U.S. currency that was in Petitioner's possession at the time of his arrest in the State of Kentucky was not money taken in the Ohio bank robbery.

G. Trial Counsel's failure to investigate and introduce evidence of the Crime-Stoppers leads.

H. Trial Counsel's failure to object to the State's introduction of evidence of the high-speed chase and weapon and opening the door to uncharged bad acts evidence and failure to request a limiting cautionary jury instruction.

I. Trial Counsel's failure to object to the State's introduction of evidence in regards to the defense's handwriting expert.

(Return of Writ, Doc. No. 10-1, Ex. 41, PageID 733.) Vore then filed a supplemental and

amended petition adding the following claims:

J. Trial Counsel's failure to investigate and subpoena a potential alibi witness to testify at trial in Petitioner's defense.

> K. Trial Counsel's failure to investigate and subpoena two bank tellers from the 1st National Bank at the Bigg's Store on Mason Monument Road.

(Return of Writ, Doc. No. 10-1, Ex. 42, PageID 756.)    Vore filed another supplemental and amended petition adding the following claim:

> L. Trial Counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio State Constitution when counsel failed to investigate and subpoena Detective Brian Payne to testify.

(Return of Writ, Doc. No. 10-1, Ex. 43, PageID 766.)

On May 23, 2012, the trial court made issued its decision and entry denying Vore's petition for postconviction relief. (Return of Writ, Doc. No. 10-1, Ex. 49, PageID 878.)  Vore appealed to the Twelfth District Court of Appeals, raising the following assignments of error:

> 1. The trial court erred and abused its discretion when the court denied Appellant's post-conviction petition without ordering an evidentiary hearing.
>
> 2. The trial court erred when the court  failed to make sufficient findings of fact and address all of the Appellant's claims raised in his initial and amended and supplemental claims raised in his post-conviction.

(Return of Writ, Doc. No. 10-1, Ex. 51, PageID 897.)

On April 15, 2013, the Twelfth District Court of Appeals affirmed. *State v. Vore*, 2013-Ohio-1490, 2013 Ohio App. LEXIS 1389 (12th Dist. April 15, 2013).    The Ohio Supreme Court declined jurisdiction over a subsequent appeal. (Return of Writ, Doc. No. 10-1, Ex. 60, PageID 1005.)  The United States Supreme Court denied certiorari.  *Vore v. Ohio*, 134 S. Ct. 532 (2013).

On August 2, 2012, Vore, *pro se*, filed an Application to Re-Open Appeal pursuant to Ohio Appellate Rule 26(B). In his application, Vore argues that he was denied the effective

assistance of appellate counsel for the following reasons:

      1.   Appellate counsel's failure to raise trial counsel's ineffectiveness when trial counsel failed to object to the State's introduction of Vore's mug shot and his silence at the time of his arrest against him at trial constituted ineffective assistance.

      2.   Appellate counsel's failure to raise trial counsel's ineffectiveness when trial counsel failed to object to the State's introduction of opinion testimony and evidence that Vore was the suspect depicted in the bank robbery surveillance video constituted ineffective assistance.

      3.   Appellate counsel's failure to raise trial counsel's ineffectiveness when trial counsel failed to object to the State's introduction of the State of Kentucky evidence and failed to request a cautionary instruction and counsel's elicitation of inadmissible prejudicial evidence and appellate counsel's failure to adequately raise this error on direct appeal constituted ineffective assistance.

      4.   Appellate counsel's failure to raise trial counsel's ineffectiveness when counsel failed to object to the State's introduction of the Defense's Handwriting Expert evidence constituted ineffective assistance.

      5.   Appellate counsel's failure to raise trial counsel's ineffectiveness when counsel failed to object to the trial court's refusal to submit a lesser included jury instruction when the trial court's reasons for not granting trial counsel's request was erroneous and appellate counsel's failure to adequately raise this error on direct appeal constituted ineffective assistance.

      6. Appellate counsel's failure to raise a sufficiency of evidence claim constituted ineffective assistance.

      7.   Appellate counsel's failure to raise trial counsel's ineffectiveness when counsel failed to object and move the court for a mistrial whine the State Prosecutor intentionally introduced testimony and evidence before the jury that was never admitted into evidence constituted ineffective assistance.

      8.   Appellate counsel's failure to raise trial counsel's ineffectiveness when trial counsel failed to object to the sentencing court's failure to grant Vore his jail time credit for all the time he spent in State custody constituted ineffective assistance.

> 9. Appellate counsel's failure to raise trial counsel's ineffectiveness for all the claims raised in appellant's pending appeal in regards to the trial court's denial of his petition for post-conviction constituted ineffective assistance.

(Return of Writ, Doc. No. 10-1, Ex. 73, PageID 1178.)

On October 11, 2012, the Twelfth District Court of Appeals denied the Application, finding that Vore failed to demonstrate a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal. (Return of Writ, Doc. No. 10-1, Ex. 78, PageID 1206.)

On October 22, 2012, Vore, *pro se*, filed a notice of appeal in the Supreme Court of Ohio and on January 23, 2013, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S. Ct. Prac. R. 7.08(B)(4). *State v. Vore*, 134 Ohio St. 3d 1422, 2013 Ohio LEXIS 166 (12th Dist. January 23, 2013).

On July 18, 2012, the trial court held a hearing to properly notify Vore of postrelease control as required by the remand from the Twelfth District Court of Appeals. (Return of Writ, Doc. No. 10-1, Ex. 83, PageID 1236.)

Vore, *pro se*, filed a timely notice of appeal and raised the following assignments of error with counsel:

> 1. The trial court erred when sentenced appellant to five years in prison for violating R.C. §2911.02.
>
> 2. The trial court erred when sentenced appellant to mandatory post-release control for three years.
>
> 3. The trial court erred when it denied appellant's request to award jail time credit for the time he was in custody.

(Return of Writ, Doc. No. 10-1, Ex. 90, PageID 1257.)   On April 14, 2014, the Twelfth District Court of Appeals affirmed the judgment of the trial court.  *State v Vore*, 2014-Ohio-1583, 2014 Ohio App. LEXIS 1529 (12th Dist. April 14, 2014).

# ANALYSIS

## Ground One:  Failure to Hire Eyewitness Identification Expert

In his First Ground for Relief, Vore claims he was denied due process, compulsory process, and a fair trial by the trial court's denial of funds to hire an expert witness of eyewitness identification.

Respondent asserts that this claim was not fairly presented as a federal constitutional claim to the state courts. (Return of Writ, Doc. No. 10, PageID 423-25.)  Vore counters that he relied in the state court on *Ake v. Oklahoma*, 470 U.S. 68 (1985).(Response, Doc. No. 13, PageID 1312.)  Respondent concedes *Ake* was cited in the intermediate appellate court but not re-cited on appeal to the Ohio Supreme Court. (Return of Writ, Doc. No. 10, PageID 424.) Having examined the Petitioner's Memorandum in Support of Jurisdiction in the Ohio Supreme Court, the Court finds the claim was sufficiently presented as a federal constitutional claim even without the citation to *Ake* and this Court may reach its merits.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 784-85 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Vore raised his expert witness funds claim as assignment of error three on direct appeal. The Twelfth District decided that claim as follows:

11

**[P49]** THE TRIAL COURT ERRED WHEN IT VIOLATED DEFENDANT-APPELLANT'S U.S. AND OHIO CONSTITUTIONAL RIGHTS BY FAILING TO PROVIDE ADEQUATE FUNDS FOR AN EYE WITNESS IDENTIFICATION EXPERT. [sic]

**[P50]** Vore asked the trial court before trial to provide funds to hire expert witnesses in eyewitness identification and handwriting analysis. The trial court granted funds for the handwriting expert, but denied funds for an eyewitness identification expert.

**[P51]** Vore argues his conviction turned on eyewitness identification and the denial of his request for an expert in this area was error.

**[P52]** Due process requires that an indigent criminal defendant be provided funds to obtain expert assistance at state expense only where the trial court finds, in the exercise of a sound discretion, that the defendant has made a particularized showing of a reasonable probability that the requested expert would aid in his defense, and that denial of the requested expert assistance would result in an unfair trial. *State v. Mason*, 82 Ohio St.3d 144, 1998 Ohio 370, 694 N.E.2d 932, syllabus.

**[P53]** In resolving a request for funding for expert fees, courts have reviewed the expert's value to the defendant's proper representation at trial and the availability of alternative devices that fulfill the same functions as the expert assistance sought. *State v. Weeks*, 64 Ohio App.3d 595, 582 N.E.2d 614 (12th Dist.1989); *State v. Bean*, 2nd Dist. No. 16438, 1998 Ohio App. LEXIS 152, 1998 WL 22061 (Jan. 23, 1998); *State v. Hurley*, 3rd Dist. No. 12-11-01, 2012 Ohio 310.

**[P54]** Where a party seeks to admit expert testimony about the reliability of eyewitnesses, there are a number of alternative devices through which a defendant can accomplish the same ends, including conducting rigorous cross-examination, pointing out inconsistencies or discrepancies in the testimony, alerting jurors to factors that may affect a witnesses' reliability, as well as ensuring pertinent instructions are given to the jury. *See State v. Buell*, 22 Ohio St.3d 124, 132-133, 22 Ohio B. 203, 489 N.E.2d 795 (1986); *Bean.*

**[P55]** The record reveals that Vore's counsel rigorously cross examined the witnesses who identified Vore, pointed out

> inconsistences or discrepancies in the testimony, and alerted jurors to factors affecting witnesses' reliability. The trial court provided an extensive instruction on identification issues to the jury. In other words, Vore accomplished the same ends as an expert witness through alternative devices. He failed to show the denial of the requested expert assistance resulted in an unfair trial. The trial court did not abuse its discretion in denying funds for the eyewitness identification expert. Vore's third assignment of error is overruled.

*State v. Vore,* 2012-Ohio-2431, 2012 Ohio App. LEXIS 2140 (12th Dist. 2012).

The Warden argues the Supreme Court has never recognized a constitutional right to present an expert in eyewitness identification. (Return of Writ, Doc. No. 10, PageID 429-31, citing *Moore v. Tate,* 882 F.2d 1107 (6th Cir. 1989), and *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001)).  In his Response, Petitioner argues neither of these cases "addressed the question whether *Ake v. Oklahoma* applied to the appointment of non-psychiatric experts." (Response, Doc. No. 13, PageID 1315.)

Vore misses the point.  The burden is on a habeas petitioner to show that a state court decision violates the holding of a Supreme Court precedent and Vore has cited no Supreme Court precedent holding *Ake* applies beyond the realm of psychiatric experts.

Vore proceeds to try to convert this to a claim that the state court prevented him from presenting a defense, in violation of *Chambers v. Mississippi,* 410 U.S. 284, 302 (1973).  But the claim was never presented to the state court as that sort of claim and Vore did not have an expert on eyewitness identification to present.

The Court concludes this case is controlled by *Moore v. Tate, supra*, and therefore Ground One should be dismissed with prejudice.

**Ground Two:  Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, Vore asserts he received ineffective assistance of appellate counsel when appellate counsel both failed to raise claims of ineffective assistance of trial counsel and also omitted direct appeal issues.

Vore's claim is made in eleven sub-claims and asserts that appellate counsel was ineffective when he failed to raise the following claims of ineffective assistance of trial counsel:

1.  Failure to object to the State's introduction of Vore's post-arrest silence;

2.  Failure to object to the State's introduction of Vore's mug shot;

3.  Failure to object to the police high-speed chase;

4.  Failure to object to the pellet gun;

5.  Failure to object to photographs of money;

6.  Trial counsel's elicitation of an uncharged theft offense; and

7.  Failure to request a cautionary jury instruction regarding Vore's arrest in Kentucky.

(Petition, Doc. No. 5, PageID 205.)

8.  Failure to object to the State's introduction of witness opinion identification testimony by Ryan Goodman, Alexey Bogatyrev, and Detective Roger Barnes.

*Id.* at PageID 216.

9.  Failure to object to the State's introduction of evidence of the defense's retained handwriting expert.

*Id.* at PageID 221.

> 10. Failure to object to the trial court's refusal to a give a lesser-included-offense instruction.

*Id.* at PageID 227.

In addition to these ineffective assistance of trial counsel claims, Vore makes a claim directly against appellate counsel:

> 11. Appellate counsel failed to raise a sufficiency of the evidence claim as to the elements of robbery, particularly the element of force.

*Id.* at PageID 232.

The State defends these claims on the merits and asserts the Twelfth District's decision is neither contrary to nor an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), as it applies to evaluating appellate counsel's performance.

The Twelfth District Court of Appeals considered Vore's claims of ineffective assistance of appellate counsel on his Application to Reopen under Ohio R. App. P. 26(B) and held as to generally applicable law:

> Appellant claims he was denied the effective assistance of appellate counsel when counsel failed to allege trial counsel was ineffective for failing to: (1) object to the use of appellant's mug shot and to a police officer's testimony about appellant's "silence," i.e., that appellant made no statements to Kentucky police, (2) object to testimony from three witnesses that appellant was the person in the bank surveillance photos because they had limited contact with appellant, (3) object to admission of photos of cash and a pellet gun, which would be evidence of another crime, (4) object when defense's handwriting expert was called by the state to testify, (5) object when trial court refused to give a lesser-included offense of theft instruction to the jury, (6) raise a sufficiency of the evidence claim in reference to the lack of evidence that appellant used force in the robbery, (7) object or move for a mistrial when the state introduced evidence that appellant took a deposit slip from a bank inside a supermarket, but the video played at trial did not show appellant taking the deposit slip, and object or move for a mistrial when the state committed a *Brady* violation by

intentionally withholding part of the video showing appellant removing the deposit slip, (8) object to the amount of jail time credit awarded by the trial court at sentencing, and (9) raise "Grounds A thru 0," which were argued by appellant in his petition for postconviction relief.

An application to reopen an appeal shall be granted only if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal. *State v. Tenace,* 109 Ohio St.3d 451, 2006-Ohio-2987. See also App.R. 26(B)(5). As used in this analysis, ineffective assistance of counsel is intended to comprise the two elements set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984), namely, a deficiency in the representation of appellant and prejudice resulting from such deficient representation. *Tenace* at ¶5; *State v. Sheppard*, 91 Ohio St.3d 329, 2001-Ohio-52.

A court must apply a heavy measure of deference to counsel's judgments, and indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound strategy. *Id.* at 689; *Tenace* at ¶7. Tactics and strategies, even debatable ones, do not constitute a denial of effective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45 (1980).

To show ineffective assistance of appellate counsel, appellant must prove that his counsel was deficient for failing to raise the issues that he now presents and that there was a reasonable probability of success had counsel presented those claims on appeal. *Tenace* at ¶6. Appellant bears the burden of demonstrating a genuine issue as to whether he was denied the effective assistance of appellate counsel. *Tenace* at ¶6.

However, appellate counsel need not raise every possible issue on appeal in order to render constitutionally effective assistance. *State v. Burke*, 97 Ohio St.3d 55, 2002-Ohio-5310, ¶7; see *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983).

*State v. Vore,* Case No. CA2011-08-093 (12th Dist. Oct. 11, 2012)(unreported, copy at Return of

Writ, Doc. No. 10-1, Ex. 78, PageID 1206 et seq.)

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at

trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963); *Anders v. California*, 386 U.S. 738 (1967); *United States v. Cronic,* 466 U.S. 648 (1984). The right to counsel is limited to the first appeal as of right. *Ross v. Moffitt*, 417 U.S. 600 (1974). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id., citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003); *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); *see Smith v. Murray*, 477 U.S. 527 (1986).

The Twelfth District's statement of the general law applicable to claims of ineffective

assistance of appellate counsel is consistent with the standard to be applied by this Court.

**Sub-claims 1 and 2:  Post-Arrest Silence and Mug Shot**

Vore asserts that the State's introduction of his post-arrest silence and his "mug" shot from his arrest in Kentucky "was erroneous," but he does not say what was erroneous about it, beyond citing generally applicable law. (Petition, Doc. No. 5, PageID 206.)  In deciding these two sub-claims, the Twelfth District wrote:

> With regard to appellant's first claim regarding the mug shot and appellant's silence, we have reviewed the context in which this evidence was admitted and find no support in the record for appellant's claim as counsel's actions would be considered trial strategy, and there was no reasonable probability of success had these claims been presented by appellate counsel. *See State v. Lancaster*, 25 Ohio St.2d 83; *State v. Wayne*, 12th Dist. No. CA2006-06-128, 2007-Ohio-3351; *Clayton*.

*State v. Vore, supra*, at PageID 1208.

In neither his Petition nor his Response has Vore made an argument as to why these failures to object could not properly be considered trial strategy.  Instead, he argues the court of appeals "fail[ed] to take into consideration the cumulative effect of counsel's errors when determining whether prejudice had been demonstrated. . . ."  (Doc. No. 13, PageID 1322.)  This argument is unresponsive to what the court of appeals decided.  The question of prejudice does not arise under *Strickland v. Washington* until a court has found some error by counsel.  That is, prejudice is the second prong of the *Strickland* analysis.  As to these two omissions by trial counsel, the court of appeals found they were appropriate trial strategy and therefore there was no deficient performance in failure to raise them on appeal

**Sub-claim 8.   Failure to object to the State's introduction of witness opinion identification testimony by Ryan Goodman, Alexey Bogatyrev, and Detective Roger Barnes**

Vore claims his trial attorney should have objected to the opinion testimony of three witnesses that the person in the bank surveillance video was Vore "because none of these witnesses had sufficient contact or personal interactions with him to give such an opinion." (Petition, Doc. No. 5, PageID 217.)

The Twelfth District decided this claim as follows:

> Appellant's second claim that counsel was ineffective for not objecting to three witnesses identifying appellant because those witnesses had inadequate contact to identify him is not supported by the record as counsel's decision with regard to these witnesses was trial strategy, and appellant was not prejudiced by the failure of appellate counsel to raise this claim.

*State v. Vore, supra*, at PageID 1208-09.

Vore's argument on this sub-claim is that this testimony was clearly objectionable such that an objection would have been sustained and it was therefore deficient performance not to make the objection.  Additionally, it was prejudicial because identity was a key issue.  Therefore it was ineffective assistance of appellate counsel not to raise it on appeal because it was well-taken and would have resulted in reversal. (Petition, Doc. No. 5, PageID 217-21.)

Vore first argues this could not have been sound trial strategy because the law requiring exclusion of these witnesses is clear. *Id.*  at PageID 217, relying principally on *State v. Bond,* 2011-Ohio-6828, 2011 Ohio App. LEXIS 5645 (10th Dist. 2011).  In *Bond* the Tenth District held it was not an abuse of discretion to permit two witnesses to give their lay opinion that the perpetrator of a burglary seen in a video surveillance film was the defendant; one of the witnesses was defendant's probation officer who had seen defendant face-to-face more than two dozen times, but the other a detective who made the identification without ever having met

19

him before, based on "physical description, his height, his weight, his gestures, his mannerisms, the way he walked." *Id.* at ¶ 9.  The *Bond* court emphasized that Ohio law permits lay witness opinion if the opinion is "one that a rational person would form on the basis of the observed facts." *Id.* at ¶ 10, citing Ohio R. Evid. 701 and *State v. Mulkey*, 98 Ohio App. 3d 773 (1994).

The Ohio standard as enunciated in *Bond* gives very broad discretion to the trial judge. Given that all three of these witnesses had some prior face-to-face experience with Vore, their opinions that he was the person depicted in the surveillance video were opinions that might be formed by a rational person.  It was therefore unlikely the trial judge would have sustained the objection.  It is certainly sound trial strategy not to make an objection which is likely to be overruled and where the overruling is likely to be sustained on appeal.  "Counsel's failure to make futile objections may be viewed as a strategic decision meant to preserve his credibility, and thus cannot be challenged. *Strickland*, 466 U.S. at 690. Nor could the failure to raise futile objections have prejudiced [Petitioner], as the result would have been the same even if they were voiced and overruled." *Staple v. Harry*, 2013 U.S. Dist. LEXIS 27404, *30 (E.D. MI 2013); *see also Deals v. Berghuis*, 2011 U.S. Dist. LEXIS 75514, *40 (W.D. MI 2011)(using same language).

Therefore the Twelfth District's decision that trial counsel's failure to object was sound trial strategy and therefore wisely not complained of on appeal is well within a reasonable application of *Strickland* and sub-claim 8 is without merit.


**Sub-claims 3, 4, and 5:   Failure to Object to Evidence of the High-Speed Police Chase and Photographs of Money and a Pellet Gun**

Although Vore pleads it was ineffective assistance of appellate counsel to fail to make an

issue of the high-speed police chase issue on appeal, he actually concedes in his Petition that appellate counsel did raise that issue. (Petition, Doc. No. 5, PageID 210.)  No further analysis is offered on that sub-claim.

As to the money and pellet gun found in his possession when he was arrested in Kentucky, Vore says his trial attorney should have objected "because the State presented no evidence that Mr. Vore's vehicle was observed at the scene of the robbery, and presented no evidence that a gun, or weapon was used in the offense."  (Petition, Doc. No. 5, PageID 207.)

The Twelfth District decided this claim as follows:

> Appellant's third claim that counsel was ineffective for failing to object to photos of cash and a pellet gun found on appellant or in his vehicle was also trial strategy as trial counsel elicited testimony to provide another explanation for appellant's conduct, and there was no reasonable probability of success had these claims been presented by appellate counsel. See *Clayton*, 62 Ohio St.2d 45; *Wayne*, 2007-Ohio-3351.

Neither the Petition nor the Response replies to this trial strategy conclusion of the court of appeals.  Because *Strickland* and its progeny recognize that failure to object may constitute sound trial strategy in certain instances, it is incumbent on a habeas petition confronting such a conclusion from a state court of appeals to offer some rebuttal.  Petitioner has not.  In the absence of some such showing, Vore has failed to show the Twelfth District's conclusion is an unreasonable application of *Strickland*.

**Sub-claim 6.  Trial counsel's elicitation of an uncharged theft offense**

In the Petition, Vore claims "[t]he record demonstrates trial counsel also elicited uncharged and unduly prejudicial evidence of petitioner's alleged involvement in a theft in the State [sic] of Kentucky."  (Petition, Doc. No. 5, PageID 208, citing Trial Tr., Doc. No. 24,

PageID 1687-88).  Trial counsel Mr. Rubenstein asked the police officer on the stand why Vore was being pursued and received the answer that Vore was suspected of trying to take money from someone at a gas station.  Vore claims it was ineffective assistance of trial counsel to ask these questions and ineffective assistance of appellate counsel not to raise that claim on direct appeal.  Vore claims he properly exhausted this claim by raising it in his 26(B) Application, but the claim is not referenced in the Twelfth District's Decision denying that Application. However, it is pled in the 26(B) Application as part of Ground Three. (Return of Writ, Doc. No. 10-1, Ex. 74, PageID 1181.)

When a habeas petitioner presents a federal constitutional claim as part of a state court application and receives a decision on the merits of that application, the habeas court must review under the deferential standard of 28 U.S.C. § 2254(d)(1), even if the claim is not discussed by the state court and rejected silently.  *Harrington v. Richter,* 562 U.S. 86,  ___, 131 S.Ct. 770, 785 (2011).

Petitioner has failed to demonstrate that it was ineffective assistance of trial counsel to elicit this answer.  While the response certainly suggested to the jury that police in Kentucky suspected Vore of committing another robbery, trial counsel had to lay some foundation for questions about the arrest.  Vore has not shown counsel knew he would get the answer he received.  And even if Mr. Rubenstein did know, Vore has not shown he had a reasonable probability of prevailing on appeal by raising this claim.  *See Jones v. Barnes, supra.*

### Sub-claim 7: Failure to request a cautionary jury instruction regarding Vore's arrest in Kentucky

In his seventh sub-claim of ineffective assistance of appellate counsel, Vore asserts

appellate counsel provided ineffective assistance when he did not claim ineffective assistance of trial counsel for Mr. Rubenstein's failure to request a cautionary jury instruction regarding the Kentucky arrest. Vore raised this as part of his 26(B) Application which was dismissed on the merits without express discussion of this sub-claim. Therefore the same standards apply as with sub-claim 6. Asking for a cautionary instruction about a particular piece of evidence obviously calls that evidence to the jury's mind even as they are being told only to consider it for a limited purpose. *Stewart v. United States*, 366 U.S. 1, 10 (1961)(the "danger of the situation" would have been increased by a cautionary instruction, as that instruction would have against brought the jury's attention to petitioner's failure to testify and defense counsel was under no obligation to take that risk); *see also Starks v. Sheldon*, 2013 U.S. Dist. LEXIS 109547, *109 (N.D. Ohio 2013). As with sub-claim 6, it is not plainly deficient performance to fail to ask for such an instruction and therefore not deficient performance to fail to complain about it on appeal.

## Sub-claim 9: Failure to object to the State's introduction of testimony from the defense handwriting expert

In his ninth sub-claim, Vore argues he received ineffective assistance of appellate counsel when his appellate attorney failed to raise trial counsel's ineffectiveness in not objecting to the State's calling the defense handwriting expert as a witness. In his 26(B) Application, he alleged the admission of this evidence violated his right to due process, his privilege against self-incrimination, his privilege to communicate confidentially with his attorney, and his right to have work product on his behalf protected. (Return of Writ, Doc. 10-1, Ex. 73, PageID 1182.)

In opposing the 26(B) Application, the State noted that the defense handwriting expert, Mr. Kramer, testified he did not rely on any confidential communication between Vore and his

attorney, so there was no breach of attorney-client privilege. (Return of Writ, Doc. 10-1, Ex. 75, PageID 1193.)  Because Kramer was only one of the two handwriting experts who testified for the State, counsel argued his testimony was cumulative and therefore not prejudicial, noting the other witnesses who had identified Vore as the bank robber.  *Id.*

> The Twelfth District relied on the second argument in rejecting this claim:

>> Likewise, there was no prejudice shown from appellant's fourth claim regarding the handwriting expert, as such evidence was cumulative. See *State v. Richey,* 64 Ohio St.3d 353 (1992), abrogated on other grounds by 80 Ohio St.3d 380; see *State v. Fairchild* 2nd Dist. No. 1481, 1999 WL 942491 (Aug. 27, 1999).

*State v. Vore*, *supra*, PageID 1209.

Vore has failed to demonstrate that this ruling is an objectively unreasonable application of *Strickland, supra.*  An attorney-client privilege objection would not have been sustained and Vore has failed to show how a work-product objection would have had merit since Kramer provided oral testimony.  Witnesses, particular expert witnesses, are not "identified" with a party in the sense that their evidence can only be admitted if that party desires it.  Rather, an expert's scientific opinion should not be biased toward one party or the other.  When a criminal defendant seeks an expert opinion, he runs the risk that the opinion will be adverse, which is what happened here.

## Sub-claim 10:  Failure to request a lesser-included-offense instruction

In his tenth sub-claim, Vore contends he received ineffective assistance of appellate counsel when his appellate attorney failed to claim it was ineffective assistance of trial counsel not to request a lesser-included-offense instruction.  Vore raised this claim as his fifth omitted

assignment of error in his 26(B) Application. (Return of Writ, Doc. No. 10-1, Ex. 73, PageID 1182-83.)

The Twelfth District decided this claim as follows:

> With regard to appellant's fifth claim that counsel was ineffective for failing to pursue the lesser-included offense instruction, this court found in appellant's original appeal that the evidence did not warrant appellant receiving an instruction for the lesser included offense of theft, and appellant was not prejudiced by counsel's actions.

*State v. Vore, supra*, PageID 1209.

In other words, the Twelfth District found there was no ineffective assistance of trial counsel in this regard because no lesser included offense instruction was warranted.  Under those circumstances, it cannot have been ineffective assistance of appellate counsel to fail to raise the claim and the Twelfth District's decision to that effect is a reasonable application of *Strickland*.

**Sub-claim 11:  Failure to raise a sufficiency of the evidence claim**

In his eleventh sub-claim, Vore asserts he received ineffective assistance of appellate counsel when his appellate attorney failed to raise a sufficiency of the evidence assignment of error, particularly on the element of use of force.  The Twelfth District rejected this claim because the sufficiency of the evidence issue had in fact been raised on direct appeal, albeit in another formulation:

> In appellant's sixth claim, appellant argues that appellate counsel was ineffective for failing to raise the sufficiency of the evidence when no force was used for the robbery. The question of whether appellant used or threatened the immediate use of force was raised by appellate counsel in the original appeal in a challenge to jury instructions and lesser included offenses. Therefore, this issue was

> previously raised and considered, and would not have been
> successful if raised in another context.

*State v. Vore*, *supra*, PageID 1209-10.

Petitioner argues this claim at length in his Petition. (Doc. No. 5, PageID 232-38.) However, he argues it in terms of the proposition that no rational trier of fact could have found use of force. He fails to address head-on the Twelfth District's holding that it was not ineffective assistance of appellate counsel to fail to present this claim in one way when it had already been presented in two other ways, to wit, in assignments of error about jury instructions and lesser included offense. What the court of appeals is saying is that it had considered the supposed lack of evidence claim under these other two assignments of error and would not have been persuaded if it had been presented in another way. The ultimate question with any ineffective assistance of appellate counsel claim is whether the court of appeals which decided the case would have been persuaded by a different argument. Here that very court said it would not have been thus persuaded.

**Cumulative Impact:**

At several points in his Petition, Vore argues the Twelfth District's decision is not entitled to AEDPA deference because it did not consider the cumulative impact of trial counsel's errors. (See, e.g., Doc. No. 5, PageID 210, 211, 220, 221, 232.) Vore relies on *Mackey v. Russell*, 148 Fed. Appx. 355, 2005 U.S. App. LEXIS 16933 (6th Cir. 2005), where Judge Cole (now Chief Judge) wrote for the court:

> If any alleged errors of counsel are found to be constitutionally
> deficient performances, a defendant must still prove that the

> deficiency resulted in significant prejudice to the defense. "The
> defendant must show that there is a reasonable probability that, but
> for counsel's unprofessional errors, the result of the proceeding
> would have been different. A reasonable probability is a
> probability sufficient to undermine confidence in the outcome,"
> though a defendant need not prove by a preponderance of the
> evidence that the result would have been different. *Id.* [Strickland]
> at 694. Further, in determining whether prejudice has resulted
> from counsel's errors, a court "must consider the totality of the
> evidence before the jury. . . . [A] verdict or conclusion only weakly
> supported by the record is more likely to have been affected by
> errors than one with overwhelming record support." *Id.* at 695. In
> making this determination as to prejudice, we examine the
> combined effect of all acts of counsel found to be
> constitutionally deficient, in light of the totality of the evidence in
> the case. *See, e.g., Blackburn v. Foltz,* 828 F.2d 1177, 1186 (6th
> Cir. 1987).

*Id.* at 364. *Mackey* is an unpublished decision and therefore non-precedential. In fact Judge
Gibbons dissented on the question of whether it was "clearly established" law that instances of
deficient performances were to be accumulated before weighing prejudice under *Strickland. Id.*
at 371. Although *Mackey* is unpublished, this Court has followed it on this point in *Bays v.
Warden*, 2012 U.S. Dist. LEXIS 182608 (S.D. Ohio Dec. 28, 2012), *citing Stewart v.
Wolfenbarger*, 468 F.3d 338 (6th Cir. 2004).

   *Mackey's* teachings are that trial counsel's constitutional deficiencies in performance
must be cumulated and then weighed against the strength of the case. When that is done in this
case, Vore's Second Ground for Relief, ineffective assistance of appellate counsel, is still
without merit. The Twelfth District did not find that it was deficient performance to omit any
one of the assignments of error raised in the 26(B) Application. Nor was the overall case weak.
Although the teller herself could not identify Vore, there were ample additional eyewitnesses.

   This analysis applies to other places in the Petition where Vore claims ineffective
assistance of trial counsel. They are not instances where the Twelfth District found deficient

performances and then did not cumulate those deficiencies in determining prejudice.  Rather, the Twelfth District found no deficient performance and there was therefore nothing to cumulate.

Vore's Second Ground for Relief is without merit and should be dismissed with prejudice.

## Ground Three:  Ineffective Assistance of Trial Counsel

In his Third Ground for Relief, Vore asserts he received ineffective assistance of trial counsel in that his trial attorney (1) failed to investigate and subpoena several witnesses to testify for the defense, (2) failed to object, and elicited damaging, unduly prejudicial evidence of uncharged bad acts, and (3) failed to request a cautionary, limiting jury instruction when this evidence was introduced.

Subclaims two and three are dealt with under Ground Two as underlying claims for the assertion of ineffective assistance of appellate counsel and will not be discussed further.

Vore asserts this claim was first raised in his Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21 and rejected by the Ohio trial and appellate courts for lack of a showing of prejudice. (Petition, Doc. No. 5, PageID 239.)  Actually the trial court found neither deficient performance nor prejudice with respect to Vore's claims. (Decision and Entry, Return of Writ, Doc. No. 10-1, Ex. 49, PageID 878 et seq.)  As to potential witness Yvonne Baker, it found she could not have been called for the purpose Vore proposed.  *Id.*  at PageID 882.  As to potential witness William Hillard, it found the same testimony was obtained from another witness, Detective Barnes.  *Id.*  at PageID 883-84.  Vore provided no evidence that there had been any callers to Crime Stoppers who could have been subpoenaed. *Id.*  at 884-85.  As to a

supposed female alibi witness, Vore never identified the witness and she of course could not have been found while unidentified. *Id.* at 885. Failing to call two bank tellers from 1st National who would have testified Vore did not enter their bank to pick up the blank deposit slip on which the demand note was written would have availed nothing since the surveillance video from that bank also showed he did not enter it. *Id.* at 885-86. Finally, there was no need to call Detective Brian Payne to obtain testimony that witness Stemple had admitted not seeing anything during the robbery because Stemple herself repeated that admission on the stand. *Id.* at PageID 886.

The Twelfth District affirmed on appeal. *State v. Vore,* 2013-Ohio-1490, 2013 Ohio App. LEXIS 1389 (12th Dist. Apr. 15, 2013). It adopted the trial court's reasoning with respect to Yvonne Baker (*Id.* at ¶¶ 15-16), William Hillard (¶ 19), Crime Stoppers (¶ 22), the supposed alibi witness (¶ 25), the two 1st National tellers (¶ 26), and Detective Payne (¶ 27).

Vore's burden in habeas is to show that the Twelfth District's decision on this claim is contrary to or an objectively reasonable application of *Strickland, supra*. This he fails to do. Although he spends three pages of his Petition arguing this point, he fails to deal with the trial court's ruling that Ms. Baker could not have been called for the purpose for which he sought to present her. Regarding the in court identification by Ms. Stemple, Vore emphasizes the deficiencies in her testimony, but his arguments all go to her credibility, which was for the jury to decide. Vore does not deny that Stemple admitted on the stand the statement she made to Detective Payne whose absence at trial Vore attributes to counsel's deficient performance.

Regarding the missing alibi witness, Vore pleads that he told Mr. Rubenstein of his intention to plead an alibi and suggested he check with the Motel 6 clerks to learn the identity of the woman he was with. The referenced witness statement of Lilia Borozan (Petition, Doc. No. 5-1, PageID 327) does not identify any of the friends with whom Vore said he had been

29

"partying" or suggested that any of them were also guests at the motel or any other way their identity might have been determined.  This supports rather than undercuts the trial and appellate courts' findings on this sub-claim.

Vore has not shown the appellate court's rejection of his claims of ineffective assistance of trial counsel were an unreasonable application of *Strickland* or how they could have been based on an unreasonable determination of the facts.  Ground Three should be dismissed with prejudice.

## Ground Four:  Prosecutorial Misconduct:  Suborning Perjury and Violating *Brady v. Maryland*

In his Fourth Ground for Relief, Vore claims the prosecutor committed misconduct by failing to disclose evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and by suborning perjury.

Vore first raised this claim in his Motion for Leave to File a Delayed Motion for New trial.  The trial court denied the motion on the grounds the evidence in question, the video surveillance tape from the 1st  National Bank, was not newly discovered as required by Ohio r. Crim. P. 33(B) in that Vore had known of it since December 2010. (Decision and Entry Denying New Trial, Return of Writ, Doc. No. 10-1, Ex. 69, PageID 1114.)  On appeal the Twelfth District found there was no abuse of discretion in denying a new trial and no *Brady* violation with respect to the tape.  *State v. Vore,* 2013-Ohio-1490, ¶¶ 41-45, 2013 Ohio App. LEXIS 1389, (12th Dist. Apr. 15, 2013).

Respondent asserts this Fourth Ground for Relief is barred by Vore's procedural default in presenting this claim to the state courts in that he did not file his motion for new trial within

the time allowed by Ohio R. Crim. P. 33(B).(Supplemental Return, Doc. No. 23, PageID 1425.)

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule
> that is applicable to the petitioner's claim and that the petitioner
> failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually
> enforced the state procedural sanction, citing *County Court of
> Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60
> L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture
> is an "adequate and independent" state ground on which the state
> can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not
> complied with and that the rule was an adequate and independent
> state ground, then the petitioner must demonstrate under *Sykes* that
> there was "cause" for him to not follow the procedural rule and that
> he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).  Respondent purports to show how the Twelfth District's decision in this case correctly applied the Maupin analysis. (Supplemental Return, Doc. No. 23, PageID 1425.)

Vore asserts the procedural default defense is not well taken here because the state courts did not plainly rely on the default.  The Magistrate Judge disagrees.  The court of appeals affirmed the trial court's finding that the videotape in question was not newly-discovered evidence and therefore Vore did not qualify for that exception to the time limit in Ohio R. Crim. P. 33(B).  *State v. Vore, supra*, ¶¶ 37-40.  This procedural rule is firmly established, having been written into the Ohio Rules of Criminal Procedure adopted to govern criminal practice by the Supreme Court of Ohio.  Vore offers no evidence that the rule is not regularly followed and this Court has seen it regularly enforced in habeas corpus cases.  It certainly is an adequate rule since it protects the State's interest in the finality of its criminal judgments.  Indeed, it mirrors Fed. R.

Crim. P. 33 in doing so.  And it is independent of federal law – there is no showing that the rule is discriminatorily used to block federal constitutional claims.

Basically Vore attacks the state court finding that the tape was not newly-discovered. Yet the state courts both emphasized Vore's admission that he knew of the tape in December 2010, long before trial.  Vore asserts he did not know the State had withheld the evidence until he received a response from the Federal Bureau of Investigation under the Freedom of Information Act on April 20, 2012.  This argument is belied by Vore's own Declaration under Penalty of Perjury.  He admits that while he was incarcerated at the Terre Haute Federal Penitentiary in December 2010, he was visited by Warren County Detective Roger Barnes, the lead case agent on this bank robbery, and shown a still photo extracted from this video.  *Id.*  at PageID 387.  Vore claims "he didn't understand the significance of this photo until during the trial. . ." *Id.*  But then he waited until April 12, 2012, to request it from the FBI.  *Id.*

The Fourth Ground for Relief is barred by Vore's procedural default in presenting the claim to the state courts and should be dismissed on that basis.


**Ground Five:  Ineffective Assistance of Appellate Counsel**


In his Fifth Ground for Relief, Vore presents an additional claim of ineffective assistance of appellate counsel beyond the eleven claims in Ground Two.  He asserts he received ineffective assistance of appellate counsel when his appellate attorney did not claim that he received ineffective assistance of trial counsel when his trial attorney did not object and move for a mistrial after the trial testimony of Jeffrey Allen Lay.

Vore raised this claim in his 26(B) Application and the Twelfth District decided it as

follows:

> Appellant's seventh claim alleges that counsel was ineffective for failing to object or move for a mistrial when a witness testified that shortly before the robbery, appellant walked around a supermarket and picked up a deposit slip from a bank inside the supermarket, but the act of picking up the deposit slip was not on the video shown to the jury. Appellant claims that he was able to secure that portion of the video from the Federal Bureau of Investigation and, therefore, the state violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 when it intentionally withheld that portion of the video from the defense.
>
> First, the record shows appellant's trial counsel objected to the witness' testimony. The trial court sustained the objection and instructed the jury to disregard the portion of the testimony involving the deposit slip. Further, the evidence was inculpatory, not exculpatory evidence. *See Brady*. Moving for a mistrial would not have been successful if made, and appellant was not prejudiced by counsels' conduct in this regard. *See State v. Boekhoff,* 5th Dist. No. 08CAA020004, 2008-Ohio-6663; *see also Burke*, 97 Ohio St.3d at 11.

*State v. Vore,* Case No. CA2011-08-093 (12th Dist. Oct. 11, 2012)(unreported, copy at Doc. No. 10-1, Ex. 78, PageID 1210).

The Warden defends this claim on the merits, asserting the Twelfth District's decision is a reasonable application of *Strickland.* (Supplemental Return of Writ, Doc. No. 23, PageID 1439-40.)

Vore responds that the error in allowing the jury to hear this video existed was so great that it could not be cured by a cautionary instruction but only by declaring a mistrial. (Response, Doc. No. 28, PageID 1827-30.)  Vore relies on a number of cases for this point.  In *United States v. Nemeth,* 430 F.2d 704 (6th Cir. 1970), the Sixth Circuit found a cautionary instruction to ignore a prior conviction for a similar crime was insufficient and a new trial required.  In *United States v. Smith*, 500 F.2d 293 (6th Cir. 1974), the appellate court remanded for a new trial where a

34

prosecutor's comment in closing that defendants should be required to explain their conduct impermissibly shifted the burden of proof and impinged on defendants' privilege against self-incrimination.  In *United States v. Thomas,* 998 F.2d 1202 (3rd Cir. 1993), the appellate court reversed convictions where the guilty pleas of co-conspirators were introduced, although the Third Circuit did suggest a possible curative instruction.

All of these cases are importantly different from the instant case.  In each of them the court of appeals was considering, de novo and on direct appeal, a claim of trial court error.  None of them involved, as this case does, a claim that a trial attorney provided ineffective assistance of trial counsel when he requested a curative instruction instead of a mistrial.  None of them involve, as this case does, a claim that an appellate attorney was ineffective for failing to accuse the trial attorney of ineffective assistance of trial counsel for making the choice of a request for an instruction instead of a mistrial.  None of them involved, as this case does, habeas corpus review with the doubly deferential standard relating to ineffective assistance claims which the AEDPA demands.  *See Harrington v. Richter, supra.*  Finally, in at least *Nemeth* and *Smith*, the improper evidence was much more prejudicial than the reference to the surveillance video here.

The Court concludes the Twelfth District's decision here is not an unreasonable application of *Strickland*.  The Fifth Ground for Relief should therefore be dismissed with prejudice.

## Ground Six:  Ineffective Assistance of Trial Counsel Regarding Cash Seized at Arrest

In his Sixth Ground for Relief, Vore asserts he received ineffective assistance of trial counsel when his trial attorney failed to offer proof that the cash seized from the car in which he

was arrested was not part of the proceeds of the bank robbery.

Vore raised this claim in his petition for post-conviction relief under Ohio Revised Code

§ 2953.21.  The Twelfth District rejected the claim, deciding it as follows:

> **[P21]** Vore also claims that his trial counsel was ineffective for failing to introduce evidence that the currency found in his car when he was arrested after the police chase in Kentucky was not the same money taken from the bank robbery. However, counsel's decision not to attribute the $558 found in Vore's car to any one source falls within sound trial strategy. Vore essentially claims that he had a large amount of cash on his person because he was employed. However, he does not indicate in any way how the money could be proven to have come from his employment, or how there was any way to prove that it did not come from the bank robbery. Moreover, defense counsel was able to establish evidence through cross-examination that the $558 in cash was eventually released to Vore's sister, which would tend to indicate that the Kentucky police did not believe it was associated with a crime. Had defense counsel chosen to pursue this issue at trial without any way to prove where the money came from instead of simply eliciting evidence that the money was returned to Vore's sister, there is no indication that the results of Vore's trial would have been different.

*State v. Vore*, 2013 Ohio 1490; 2013 Ohio App. LEXIS 1389(12th Dist. April 15, 2013).

Respondent contends this is a not unreasonable application of *Strickland*.  (Supplemental Return

of Writ, Doc. No. 23, PageID 1444.)

Vore responds that counsel should have introduced evidence that Vore was employed

prior to the bank robbery, that no marked money was taken in the robbery, and that the money

seized from the car was released to his sister.

The money in question was $558.00 in United States currency.  Thus, as the Twelfth

District pointed out, there was no way to prove it came from Vore's employment since

presumably he was not paid in marked bills.  Proving that no marked bills were taken in the

robbery would hardly be helpful if these bills were also unmarked.  Finally, counsel did establish

through cross-examination that the money was released to his sister.  Even were the Court reviewing this ineffective assistance of trial counsel claim *de novo,* it would find no deficient performance on this claim.

Therefore the Sixth Ground for Relief should be dismissed with prejudice.


**Ground Seven:   Ineffective Assistance in Impeaching State's Witnesses Goodman and Bogatyrev**

In his Seventh Ground for Relief, Vore asserts his trial attorney provided ineffective assistance in not challenging the testimony of State's witnesses Ryan Goodman and Alexey Bogatyrev. Vore also raised this claim in his petition for post-conviction relief.  The Twelfth District on appeal decided the claim as follows:

> **[P18]** Vore next argues that counsel was defective for failing to introduce evidence to challenge and impeach the credibility of two of the state's witnesses who made identification of Vore as the bank robber. However, the record indicates that defense counsel cross-examined the state's witnesses, and pointed out potential inconsistencies in their testimony.  The witnesses' identifications were matters of credibility for the jury to determine. This is especially true where Vore argues that his counsel was deficient for not offering impeachment evidence to challenge one witness' statement that the bank robber wore glasses. However, the jury was given the surveillance footage and still photographs indicating that the robber did not wear glasses. Therefore, the jury was well aware of the issues regarding identification by the state's witnesses, and as such, defense counsel was not ineffective.

*State v. Vore, supra.*

Even if this Court were reviewing this claim *de novo*, it would not find deficient performance by trial counsel.  As the court of appeals points out, Goodman's testimony about glasses was very effectively impeached by the photographs and video showing the robber wore no glasses.  And the notion that just one more question about time of observation by Bogatyrev

would have made the difference is fanciful at best.  And we are not reviewing this matter *de novo*, but with the double deference required by AEDPA.

Ground Seven should be dismissed with prejudice.

**Ground Eight:  Failure to Grant Retroactive Effect to State Legislation**

In his Eighth Ground for Relief, Vore claims the state court erred when resentencing him by not doing so pursuant to H.B. 86.  He alleges the reimposition of a five-year sentence for robbery, an authorized term when sentence was first imposed in this case, ceased to be an authorized sentence when H.B. 86 was enacted on September 30, 2011, ten months before he was re-sentenced. (Motion for Leave to Amend, Doc. No. 22, PageID 1395-96.)

Vore raised this issue on direct appeal from his re-sentencing.  The Twelfth District Court of Appeals rejected this claim on the basis of its prior decision in *State v. Clay*, 2012-Ohio-5011, 2012 Ohio App. LEXIS 4388 (12th Dist. 2012), in which it had held that H.B. 86 does not apply to limit the sentences on re-sentencing of defendants whose cases are remanded for proper imposition of post-release control.  The court also noted that, under *State v. Fischer,* 128 Ohio St. 3d 92 (2010), when a case is remanded for proper imposition of post-release control, only that part of the prior sentence dealing with post-release control is vacated.

Vore argues that a contrary result is required by *State v. Taylor,* 138 Ohio St. 3d 194 (2014).(Motion, Doc. No. 22, PageID 1396.)  *Taylor* was decided before Vore's case reached the court of appeals and is not cited by that court in its decision.  The reason is easy to see:  in *Taylor* the Supreme Court of Ohio interpreted H.B. 86 to apply to sentences imposed after its effective date, regardless of when the offense was committed.  But in this case the sentence was imposed

before H.B. 86 became effective and the re-sentencing was not *de novo*, but merely to impose post-release control.  Vore cites many cases for the proposition that it is a violation of due process for a court to impose a sentence above the statutory maximum, but that is not what happened here.  Vore was sentenced to the statutory maximum as it existed on the date he was sentenced and, per *Taylor*, H.B. 86 does not affect that result.

The Constitution does not require that state-court decisions be applied retroactively, *Volpe v. Trim*, 708 F.3d 688, 700 (6th Cir. 2013), *citing Wainwright v. Stone*, 414 U.S. 21, 23-24 (1973); *Bowen v. Foltz*, 763 F.2d 191, 193-94 (6th Cir. 1985).  Therefore the Ohio Supreme Court decision in *Taylor* about what the General Assembly intended ends the matter.

Ground Eight should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 20, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).