# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WILLIAM BERNARD VORE,

              Petitioner,           :    Case No. 1:13-cv-800

   - vs -                        Chief Judge Susan J. Dlott
                                  Magistrate Judge Michael R. Merz

WARDEN, Richland Correctional Institution,

                                  :
            Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner William Vore's Objections (Doc. No. 33) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed with prejudice (the "Report," Doc. No. 31). Chief Judge Dlott has recommitted the case for reconsideration in light of the Objections (Recommittal Order, Doc. No. 34).

**Ground One: Failure to Hire Eyewitness Identification Expert**

In his First Ground for Relief, Vore claims he was denied due process, compulsory process, and a fair trial by the trial court's denial of funds to hire an expert witness of eyewitness identification.

The Report concluded that the due process and fair trial portions of this claim has been properly rejected on the merits by the Twelfth District Court of Appeals on direct appeal in that

1

Vore cited no United States Supreme Court precedent clearly establishing a right to the assistance of an expert witness on the factors affecting the reliability of eyewitness identification testimony.  In particular, Vore relies on *Ake v. Oklahoma*, 470 U.S. 68 (1985), in which the Court held there was a constitutional entitlement to expert psychiatric testimony in a case when an indigent defendant presents evidence that his psychiatric condition at the time of the offense is likely to be a significant factor in trial.  The Supreme Court has never held there is the same right to an expert on eyewitness identification in trials where that is a significant issue.  In fact, the Sixth Circuit has held there is no constitutional right to present expert eyewitness reliability testimony even when the defendant can afford the expert himself.  (Report, Doc. No. 31, at PageID 1853, citing *Moore v. Tate*, 882 F.2d 1107 (6th Cir. 1989)).

Vore objects that *Moore* does not address whether *Ake* extends to expert eyewitness reliability testimony and that *Moore* is a pre-AEDPA decision (Objections, Doc. No. 33, PageID 1884).  Vore is correct that *Moore* does not discuss *Ake*, but, logically, if there is no constitutional right to present the testimony, there could be no constitutional right to compel the State to pay for the expert.  Vore is also correct that *Moore* was decided in 1989 before the AEDPA was enacted in 1996, but nothing in the AEDPA broadened the rights of state criminal defendants to obtain experts.

Vore also argued this claim in the Petition as a violation of the right to present a complete defense recognized particularly in *Chambers v. Mississippi,* 410 U.S. 284, 302 (1973).  The Report rejected this argument because "the claim was never presented to the state court as that sort of claim and Vore did not have an expert on eyewitness identification to present."  (Report, Doc. No. 31, PageID 1853.)  Vore objects that he did raise "a Sixth Amendment claim in the state appellate court's[sic], and to the Ohio Supreme Court."  (Objections, Doc. No. 33, PageID

2

1885.)  He gives no record reference.  *Chambers* is not cited in his Brief on Appeal (Doc. No. 10-1, Ex. 30, PageID 579).  No Sixth Amendment argument is made with respect to the relevant Third Assignment of Error.  *Id.*  at PageID 587-90.  Only due process arguments are made in support.  *Id.*  Nor was any Sixth Amendment claim made on appeal to the Ohio Supreme Court (Memorandum in Support of Jurisdiction, Doc. No. 10-1, Ex. 35, PageID 681-83.)   The Magistrate Judge again concludes this argument was not made to the Ohio courts on direct appeal; if Petitioner objects to this portion of this Supplemental Report, he must cite to the PageID numbers in the record that support his objection.

Vore also objects that the State never raised this lack of fair presentation defense and it should therefore be deemed waived (Objections, Doc. No. 33, PageID 1885).  In the Return of Writ with respect to Ground One, the Warden's counsel wrote:

> In the state appellate court, Vore presented the claim and cited *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985). (Exhibit 30.) However, on appeal to the Supreme Court of Ohio, Vore cited only Ohio case law in support of his claim. (Exhibit 35.) Thus, Vore failed to present the federal nature of his claim at each level in the state courts, and the claim has been waived.

(Doc. No. 10, PageID 424.) Thus the lack of fair presentation defense was raised with respect to Ground One, although the Warden did not specifically advert to the Sixth Amendment portion of the claim.

Regarding waiver of the procedural default defense, Vore cites *Simpson v. Warren*, 475 Fed. Appx. 51, 2012 U.S. App. LEXIS 7184 (6th Cir. 2012), where the court held "[p]rocedural default is normally a defense that the State is obligated to raise and preserve if it is not to lose the right to assert the defense thereafter." *Id.*  at 57, quoting *Cristini v. McKee*, 526 F.3d 888, 898 (6th Cir. 2008).  In that case, the waiver was expressly made on appeal.  In *Sowell v. Bradshaw*, 372 F.3d 821 (6th Cir. 2004), the court recognized that while procedural default is a defense that

can be waived if not pleaded by the State, it can be raised *sua sponte* even on appeal. *Id.* at 830, citing *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000). In *Caver v. Straub*, 349 F.3d 340 (6th Cir. 2003), the court recognized a forfeiture of the procedural default defense by failure to raise it in the district court. In *Trest v. Cain*, 522 U.S. 87 (1997), the Supreme Court held that a federal court of appeals was not obliged to raise a procedural default defense *sua sponte*, but declined to decide if it was permissible to do so.

As noted above, the Warden sufficiently pled that the First Ground for Relief was procedurally defaulted. But even if he had not, the defense may be raised by the District Court *sua sponte*. *Lovins v. Parker*, 712 F.3d 283 (6th Cir. 2013), *citing Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005); *White v. Mitchell,* 431 F.3d 517, 524 (6th Cir. 2005); *Sowell, supra; Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case)*; White v. Mitchell,* 431 F.3d 517, 514 (6th Cir. 2005)(capital case); *Elzy, supra*.

Even if this claim were not procedurally defaulted, it would fail on the merits. The Supreme Court has never held that the right to present a defense encompasses the right to present expert eyewitness reliability testimony.

The Magistrate Judge again concludes the First Ground for Relief should be dismissed with prejudice.

## Ground Two: Ineffective Assistance of Appellate Counsel

In his Second Ground for Relief, Vore alleges in eleven sub-claims that he received ineffective assistance of appellate counsel. The Report recommended dismissing all sub-claims with prejudice (Report, Doc. No. 31, PageID 1858-68). Vore objects to the conclusion as to each

of the sub-claims (Objections, Doc. No. 33, PageID 1886-1900).

**Subclaims 1 and 2:  Ineffective Assistance of Appellate Counsel for Failure to Claim Trial Counsel was Ineffective for Failure to Object to Admission of Post-Arrest Silence and Mug Shot.**

The Twelfth District Court of Appeals held trial counsels' failures to object to these two pieces of evidence "would be considered trial strategy" and the claim would therefore not have been successful.  *State v. Vore*, Case No. CA2011-08-093 (12th Dist. Oct. 2012)(unreported, copy at Doc. No. 10-1, Ex. 78, PageID 1206-11).  The Report found that Vore had not presented a counter-argument as to why this was not trial strategy (Doc. No. 31, PageID 1858).

Vore objects that he did make a counter-argument and cites his Memorandum of Law (Doc. No. 1-3, PageID 40-41).  But the cases cited at that point in the Memorandum stand for the proposition that it is trial court error to admit certain sorts of evidence.  They do not hold it cannot be acceptable trial strategy not to object to this sort of trial court error.

It is certainly true that even deliberately chosen trial tactics can constitute deficient performance as Vore argues (Objections, Doc. No. 33, PageID 1887, citing *Martin v. Rose*, 744 F.2d 1245 (6th Cir. 1984), and *Manley v. Ross Corr. Inst.,* 314 Fed. Appx. 776 (6th Cir. 2008)).  But the fact that **some** deliberately chosen tactics can be deficient performance does not imply that **these** tactics were.

Arguing this point, Vore relies on *Mackey v. Russell*, 148 Fed. Appx. 355 (6th Cir. 2005).  In that case, the key question was who drew his gun first, the victim or the defendant.  Both Mackey's post-arrest silence and his prior violent acts were used against him.  The court found that "an attorney may frequently choose to forego a limiting instruction as to prior bad acts to avoid focusing the jury's attention and further on the acts. . ." *Id.*  at 366.  In Mackey's case, the

failure to make the request was unreasonable because they jury was already strongly focused on the prior violence, whereas here the focus was on identification.

Vore also cites *White v. McAninch,* 235 F.3d 988 (6th Cir. 2000).  In that case, the failure to request a limiting jury instruction was part of  a much broader failure of pretrial preparation, including consultation with the client.

It is important to remember that this Second Ground for Relief claims ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel claims. Thus even if it might have been poor strategy to fail to object to the mug shot or the post-arrest silence, that does not mean it was poor strategy by appellate counsel to focus on more critical matters.

In sum, Vore has not established it was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), as applied in the appellate context to fail to raise these two claims of ineffective assistance of trial counsel.

**Subclaims 3, 4, and 5:  Ineffective Assistance of Appellate Counsel for Failure to Claim Ineffective Assistance of Trial Counsel for Failure to Object to Evidence of High-Speed Police Chase  and Photographs of Money and Pellet Gun.**

The Twelfth District reached the same conclusion as to these three subclaims as to Subclaims 1 and 2, except that the claim relating to the high-speed chase was presented on direct appeal, to wit, that it was reasonable trial strategy not to object and therefore not ineffective assistance of appellate counsel to fail to raise the claim on appeal.  The Report concluded Vore had not rebutted this conclusion.

Vore objects that he did previously rebut this conclusion in his Memorandum of Law at the same place cited as to Subclaims 1 and 2 and with the same arguments.  No additional

analysis is required on these three subclaims.


**Subclaims 6 and 7:   Ineffective Assistance of Appellate Counsel for Failure to Claim Ineffective Assistance of Trial Counsel for Eliciting Evidence of an Uncharged Theft Offense in Kentucky and Failure to Request a Limiting Instruction as to that Same Evidence**


In these two subclaims, Vore asserts it was ineffective assistance of appellate counsel to fail to raise assignments of error asserting ineffective assistance of trial counsel about trial counsel's elicitation of evidence of Vore's alleged involvement in an uncharged theft offense in Kentucky and failure to request a limiting instruction about this evidence.  The Report rejected these claims because Vore did not show his counsel knew he would get the answer he did and it was reasonable trial strategy not to ask for an instruction and thereby call the jury's attention to the testimony (Report, Doc. No. 31, PageID 1861-63).

Vore objects his counsel would have known why Vore was chased and then arrested from pre-trial discovery (Objections, Doc. No. 33, PageID 1890).  No record reference is offered to prove this claim.  Vore again relies on *White v, McAninch*, 235 F.3d 988 (6th Cir. 2000).  But in that case the uncharged bad act evidence was "affirmatively elicit[ed]," rather than coming out on cross-examination *Id.*  at 997.  Vore cites cases holding that a jury is required to limit its consideration of evidence as to which a limiting instruction is given, but experienced trial attorneys know that such instructions can operate like directions to a person to stand in the corner and not think about polar bears:  not only does it raise the importance of the polar bear idea in the person's mind, but there is no way to find out if they thought about bears or not.  The jury cannot be examined to determine whether or not they followed a limiting instruction.

**Subclaim 8:  Failure to object to the State's introduction of witness opinion identification testimony by Ryan Goodman, Alexey Bogatyrev, and Detective Roger Barnes**

In is Eighth Subclaim**,** Vore asserts his trial attorney should have objected to the opinion testimony of three witnesses that the person in the bank surveillance video was Vore "because none of these witnesses had sufficient contact or personal interactions with him to give such an opinion."   According to Vore, appellate counsel should have pled this failure as an instance of ineffective assistance of trial counsel (Petition, Doc. No. 5, PageID 217).

The Report concluded the Twelfth District did not unreasonably apply *Strickland* to this claim because the objection would very likely have been overruled (Doc. No. 31, PageID 1859-60).

Vore relied on *State v. Bond,* 2011-Ohio-6828, 2011 Ohio App. LEXIS 5645 (10th Dist. 2011).  The Report concluded Bond recognizes broad discretion in a trial judge to decide if the offered opinion is "one that a rational person would form on the basis of the observed facts." (Doc. No. 31 at PageID 1860.)  The Twelfth District found that each of the three witnesses in question had had some pre-offense contact with Vore and that was enough to ground their identification.  *State v. Vore, supra*, at PageID 1208-09.   Instead of arguing why the prior contact was insufficient, Vore seems to object that it was not the same kind of contact that occurred in *Bond*.  He also disagrees with the Report's conclusion that *Bond* recognized "very broad discretion" in the trial judge to assess the prior contact.  The relevant portion of the *Bond* decision reads:

> Ohio's Rules of Evidence grant trial courts wide latitude in allowing or controlling lay witness opinion testimony. *State v. Kehoe* (1999), 133 Ohio App.3d 591, 729 N.E.2d 431.

> Accordingly, this court will not disturb a trial court's decision concerning such testimony absent an abuse of discretion and some demonstration that the court's abuse of discretion "materially prejudiced the objecting party." *Urbana ex rel. Newlin v. Downing* (1989), 43 Ohio St.3d 109, 113, 539 N.E.2d 140; *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 Ohio B. 481, 450 N.E.2d 1140.

*Bond, supra*, at ¶ 14.  Vore's Subclaim 8 is without merit.

**Subclaim 9:  Failure to object to the State's introduction of testimony from the defense handwriting expert**

In his Ninth Subclaim, Vore asserts he received ineffective assistance of appellate counsel when his appellate attorney did not raise as an assignment of error his trial attorney's failure to object to the State's calling Vore's handwriting expert to testify.  The Report concluded it was proper for the State to do so and therefore not ineffective assistance of trial counsel to fail to object (Doc. No. 31, PageID 1863-64).

Vore objects that the State could not call the defense handwriting expert because the defense had not called him, citing *State v. Fairchild*, 1999 Ohio App. LEXIS 4012 (2nd Dist. 1999); *United States v. Nobles,* 422 U.S. 225 (1975); *Hickman v. Taylor*, 329 U.S. 495 (1947); *United States v. Walker*, 910 F. Supp. 861 (N.D.N.Y. 1995); and *United States v. Alvarez*, 519 F. 2d 1036 (3rd 1975).  *Hickman* is the United States Supreme Court's original recognition of the work product doctrine and *Nobles* does no more than apply it in criminal cases. The cases recognize that the State cannot call a defense expert and ask questions that invade the attorney-client privilege, but the Twelfth District found that did not occur here.  *Fairchild* does support Vore's position, although classically the work product doctrine applies to documents rather than oral testimony, which is what was elicited here.

9

The Twelfth District did not find this testimony was not work product.  Instead, it found the testimony was cumulative, citing *Fairchild* and *State v. Richey*, 64 Ohio St. 3d 353 (1992). On this basis, Vore has not proved prejudice from the failure to object and therefore no ineffective assistance of trial counsel and therefore no ineffective assistance of appellate counsel.

**Subclaim 10:  Failure to Request a Lesser-Included Offense Instruction**

In his Tenth Subclaim, Vore asserts his trial attorney should have requested a lesser included offense.  The Twelfth District rejected this claim because it had found on direct appeal that the evidence did not warrant a lesser included offense instruction.  *State v. Vore, supra*, at PageID 1209.  The Report recommended dismissal on this basis (Doc. No. 31, PageID 1865).

Vore objects that the appellate court also rejected this claim on direct appeal because trial counsel had waived it.  On direct appeal, the Twelfth District decided this claim as follows:

> **[\*P13]**  Assignment of Error No. 1:
>
> **[\*P14]**  THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY ON THE LESSER-INCLUDED OFFENSE OF THEFT THUS DENYING APPELLANT OF HIS FUNDAMENTAL RIGHT TO A FAIR TRIAL.  [sic]
>
> **[\*P15]**  Vore argues that he never used or threatened the immediate use of force against the bank teller, and therefore, the trial court should have instructed the jury on the lesser-included offense of theft and erred in failing to do so.
>
> **[\*P16]**  Vore's indictment contained both a robbery count and a separate grand theft count. According to the record, the grand theft count was based on depriving the owner of his or her property without the owner's consent. *See* R.C. 2913.02.
>
> **[\*P17]**  The trial transcript reveals that during trial, the trial court and counsel discussed the jury instructions for the two counts of the indictment. Vore's counsel inquired about an instruction on a

10

lesser-included charge of theft for the robbery offense, if the jury did not find the element of force or threat of force. The trial court said that it would explain to the jury the elements of the robbery count and if the jury did not "find any force or threat of force[,] they're going to be instructed to find him not guilty on robbery. They then move on to determine whether or not there is a theft." [sic]. Vore's trial attorney said: "Got you, all right."

[*P18] The record reflects no further discussion or objection to this portion of the jury instructions. Therefore, we review Vore's first assignment of error for plain error. Crim.R. 30; *see* Crim.R. 52(B).

[*P19] In order to prevail under a plain error analysis, Vore bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *State v. Long*, 53 Ohio St.2d 91, 96-97, 372 N.E.2d 804 (1978), paragraph three of the syllabus (notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice).

[*P20] A party is not entitled to an instruction on a lesser included offense unless the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense. *State v. Trimble*, 122 Ohio St. 3d 297, 2009 Ohio 2961, ¶ 192, 911 N.E.2d 242; *State v. Anderson*, 12th Dist. No. CA2005-06-156, 2006 Ohio 2714, ¶ 10. In making this determination, the court must view the evidence in the light most favorable to the defendant. *Trimble*.

[*P21] An instruction on a lesser included offense is not warranted every time some evidence is presented to support the inferior offense. *Id.* Rather, there must be sufficient evidence to allow a jury to reasonably reject the greater offense and find the defendant guilty on a lesser included (or inferior degree) offense. *Id.*

[*P22] Robbery, under the applicable version of R.C. 2911.02(A)(3), states that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: Use or threaten the immediate use of force against another." "Force" means any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing. R.C. 2901.01(A)(1).

[*P23] According to the record, the bank teller testified she was

taking business receipts the morning of the robbery and was looking down at her computer when she noticed someone was "right up at the counter." When she asked how she could help him, the man handed her a piece of paper and said he needed to cash this check. The teller said the check was actually a handwritten note, which said: "This is A Robbery Give me All your 100s, 50s, 20s, Fast, no dye packs or alarms." [sic].

**[\*P24]** The teller said she "froze" at first, "in shock just, you know, is this really happening?" The man asked her, "do you got it?" She said she "snapped out of it and then the fear set in." The teller said, "Yeah I got it." She grabbed bills from her drawer and put them on the counter. The teller said the man put the money in a black "day planner" and walked out of the bank.

**[\*P25]** After the man left, the teller said she "froze" until a bank manager walked by and asked her if something was wrong. The teller described the suspect as a white male in his 50s to 60s with a mustache. He was wearing a ball cap, jeans, and a shirt. She also indicated she told police the man had gray hair.

**[\*P26]** The teller said she was trained to respond to a robbery by "do[ing] what they ask, get them out." She did not see a weapon, but when asked if she believed she would be harmed if she did not comply, she answered affirmatively. The teller said, "Because you never know. If they're unhappy, maybe he had a weapon and I just didn't see it. I was just scared." * * * "I was scared. This is robbery. Most times robbers they have guns, they have weapons. And was scared" [sic].

**[\*P27]** The Ohio Supreme Court previously stated the "use or threat of immediate use of force against another" component of a robbery offense is satisfied "if the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed." *State v. Davis*, 6 Ohio St.3d 91, 94, 6 Ohio B. 131, 451 N.E.2d 772 (1983).

**[\*P28]** The question is whether the actions of the defendant, when objectively viewed, could reasonably be expected to create a fear in the victim sufficient to cause the victim to part with property against his or her will. *State v. Adkins*, 2nd Dist. No. 2895, 1992 Ohio App. LEXIS 3950, 1992 WL 180142 (July 20, 1992). In *Adkins*, a man placed a note on the bank teller's counter that said, "Hi. This is a robbery. Put $5,000 in a bag and don't push

12

no buttons." *Id.* The man said it was not a joke and repeated that no buttons should be pushed. *Id.* When the teller said she did not know what to do, the man repeated, "Give me $5,000." The teller said the man stared at her, told her he was sorry about this, said he would not hurt her, and knew he was going to get caught. *Id.*

 **[\*P29]**  In addressing whether the accused threatened the immediate use of force against the teller, the *Adkins* court stated that the use of the word "robbery" in the note must be considered in its entirety along with all of the evidence. *Id.* Using the word "robbery" objectively gave the impression of force, particularly for a bank teller. *Id.* The court noted the announcement of a "robbery" was accompanied by a demand to put $5,000 in a bag, an instruction not to push any buttons, and was coupled with the teller's training to take a robbery note seriously because the robber might have a weapon. *Adkins.* [HN7]Although the focus under R.C. 2911.02(A) is on the nature of the threat rather than on the victim's state of mind, the effect of the threat on the victim is a factor to be considered in evaluating the defendant's behavior. *Id.*

 **[\*P30]**  In a case with facts similar to *Adkins*, a defendant handed a bank teller a note that said something to the effect that this was a "holdup" and demanded two stacks of fifties; no weapon was visible. *State v. Willis*, 10th Dist. 94APA04-554, 1994 Ohio App. LEXIS 5832, 1994 WL 704388 (Dec. 15, 1994). In ruling on the manifest weight and sufficiency of the evidence, the *Willis* court said a weapon could reasonably be inferred in a hold up and, the evidence was sufficient for the jury to find beyond a reasonable doubt that the teller gave the defendant money because he was afraid that the defendant would harm him if he refused to comply with the note. *Id.* (teller's fear was reasonable and well founded based on common experience).

 **[\*P31]**  Even though the cases cited above were dealing with the sufficiency and manifest weight of the evidence, we find the facts and conclusions in those cases useful for resolving the issue in the instant case. Vore gave a demand note to the teller telling her he was robbing the bank and demanding she act quickly and not activate any alarms or use die packs. Based on the cases cited above, we find there was ample evidence that Vore used or threatened the immediate use of force.

 **[\*P32]**  Viewing the evidence most favorably to Vore, we do not find the trial court erred in failing to provide a jury instruction on theft as the evidence did not reasonably support both an acquittal on the crime charged and a conviction on the lesser-included

> offense. *See Trimble*, 122 Ohio St. 3d 297, 2009 Ohio 2961, at ¶
> 192, 911 N.E.2d 242. In addition, Vore received an instruction for
> theft  separate from the robbery charge. Vore has not demonstrated
> plain error and his first assignment of error is overruled.

*State v. Vore*, 2012-Ohio-2431, 2012 Ohio App. LEXIS 2140 (12th Dist. 2012).

A reading of the entire discussion of this First Assignment of Error confirms Vore's argument:  the Twelfth District did find that the lesser included offense request had been waived by lack of objection at the time the instructions were delivered.  Otherwise there would have been no reason to proceed to a plain error analysis.  But that does not undermine the ultimate conclusion on this subclaim.  If appellate counsel had claimed ineffective assistance of trial counsel for failure to object, the Twelfth District would still have had its alternative decision that Vore was not entitled to a lesser included instruction.

Vore also objects that there was sufficient evidence to require a lesser included instruction (Objections, Doc. No. 33, PageID 1896).  That, however, is a question of state law on which we are bound by the state court's determination.

Finally, Vore objects that the Twelfth District's decision is contrary to the decision in *Mathews v. United States*, 485 U.S. 58 (1988)(Objections, Doc. No. 33, PageID 1895).  *Mathews* was before the Court on direct appeal, rather than on habeas.  The Court held that, upon request, a federal district court must give an instruction on a defense if there was sufficient evidence from which a reasonable jury could have found for the defendant on his affirmative defense, in that case, entrapment.  The Court did not hold that such an instruction was constitutionally required.

**Subclaim 11.  Failure to Raise a Sufficiency of the Evidence Claim**

In his Eleventh Subclaim, Vore asserts he received ineffective assistance of appellate

counsel when his appellate attorney failed to raise a sufficiency of the evidence claim.  The

Report notes that the Twelfth District rejected this claim because insufficiency had in fact been

raised on direct appeal and recommended that the subclaim be dismissed on that basis (Report,

Doc. No. 31, PageID 1865-66).

Vore objects that the proper standard of review to be applied here is provided by *Jackson*

*v. Virginia*, 443 U.S. 307 (1979)(Objections, Doc. No. 33, PageID 1897).  Not so.  This is a

claim of ineffective assistance of appellate counsel for failure to raise a particular claim of

ineffective assistance of trial counsel on appeal.  If the Twelfth District says it would not have

been persuaded by that ineffective assistance of trial counsel claim because it believed there was

sufficient evidence, then this Court must apply the deferential AEDPA standard of *Harrington v.*

*Richter*, 562 U.S. 86, ___, 131 S. Ct. 770, 792 (2011), to that claim.


**Cumulative Error**


Vore complained in the Petition at several points that the Twelfth District's decision was

not entitled to AEDPA deference because it did not consider the cumulative impact of trial

counsel's errors.  The Report agreed with Vore that instances of deficient performance by trial

counsel must be accumulated in order to decide the prejudice prong of *Strickland*, *supra* (Report,

Doc. No. 31, PageID 1866-68).  The Report nevertheless found no merit to the Second Ground

for Relief as a whole because the Twelfth District had found no deficient performances to

cumulate.  *Id.*

Vore objects that "Respondent waived any defenses to his cumulative error argument" by

failing to address that argument (Objections, Doc. No. 33, PageID 1898).  However, an argument

made in a habeas petition is not like a ground for relief where an affirmative defense (e.g., statute of limitations or procedural default) may be waived by failure to plead it.  See Fed. R. Civ. P. 8. The fact that a respondent has not replied to an argument does not mean the argument is correct and must be accepted by the Court.  In other words, "cumulative trial counsel error" is not in itself a ground of habeas relief.  Rather, the ground for relief is ineffective assistance of trial counsel and the state appellate court (and the habeas court reviewing that court's decision) does not accumulate allegations of deficient performance, but only instances where the performance was actually deficient.

The balance of Vore's argument in this section of the Objections (PageID 1898-1900) merely reiterates his claims that trial counsel performed deficiently.  No further analysis is needed of these claims.

The Magistrate Judge adheres to his prior recommendation that the Second Ground for Relief should be dismissed with prejudice.

**Ground Three:  Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Vore claims he received ineffective assistance of trial counsel in three respects.  The Report dealt with the second and third as underlying claims for two of the subclaims in Ground Two and concluded Vore had not shown the Ohio courts' disposition of the first of these was an unreasonable application of *Strickland* (Report, Doc. No. 31, PageID 1868-70).

Vore objects (Doc. No. 33, PageID 1900-02).  Having reviewed the Objections, the Magistrate Judge determines no further analysis is necessary.

**Ground Four:  Prosecutorial Misconduct:  Suborning Perjury and Violating *Brady v. Maryland*.**

In his Fourth Ground for Relief, Vore asserts the prosecutor committed misconduct by suborning perjury and violating *Brady v. Maryland*, 373 U.S. 83 (1963).  This claim was first presented to the state courts in Vore's Motion for Leave to File a Delayed Motion for New Trial which the state courts found was untimely.  The Report concluded this was an adequate and independent state ground of decision and the claim was therefore procedurally defaulted (Doc. No. 31, PageID 1870-73).

Vore objects that the state appellate court did not plainly rely on the procedural default, but instead reviewed the merits (Objections, Doc. No. 33, PageID 1903).  This question was raised as part of the First Assignment of  Error on appeal from denial of the motion for leave to file a new trial motion.  The court of appeals noted that review of denial of such a motion is for abuse of discretion.  *State v. Vore*, 2013-Ohio-1490, ¶ 39, 2013 Ohio App. LEXIS 1389 (12th Dist. 2013).  In the same paragraph, it recited the six-pronged test for granting a new trial.  It then expressly found the trial court did not abuse its discretion in denying a new trial because the evidence in question was not newly-discovered within the meaning of Ohio law.  *Id.*  at ¶ 41.

Vore also objects that the Twelfth District's conclusion that he knew about the video before trial is an unreasonable determination of the facts on the basis of the evidence of record (Doc. No. 33, PageID 1904).  That court found, however, that "within his affidavit, Vore plainly admits that he was made aware of the Biggs surveillance video prior to his trial." *State v. Vore*, *supra*, at ¶ 41.

**Ground Five:  Ineffective Assistance of Appellate Counsel**

In Ground Five Vore asserts he received ineffective assistance of appellate counsel when his appellate attorney did not claim ineffective assistance of trial counsel for failure to object and move for a mistrial after the trial testimony of Jeffrey Allen Lay.  The claim was raised in Vore's 26(B) Application and decided by the Twelfth District on the merits.  *State v. Vore,* Case No. CA2011-08-093 (12th Dist. Oct. 11, 2012)(unreported, copy at Doc. No. 10-1, Ex. 78, PageID 1210).  The Warden also defends on the merits and the Report concluded the Twelfth District's decision was not an unreasonable application of *Strickland v. Washington*, *supra* (Report, Doc. No. 31, PageID 1875).

Having reviewed Vore's Objections (Doc. No. 33, PageID 1904-06), the Magistrate Judge concludes no further analysis is needed on this Ground for Relief.

**Ground Six:    Ineffective Assistance of Trial Counsel Regarding Cash Seized at Arrest**

In his Sixth Ground for Relief, Vore asserts he received ineffective assistance of trial counsel when his trial attorney failed to offer proof that the cash seized from the car in which he was arrested was not part of the proceeds of the bank robbery.  This claim was first raised in post-conviction and the Twelfth District affirmed denial of this claim on the merits.  *State v. Vore*, 2013-Ohio-1490, 2013 Ohio App. LEXIS 1389 (12th Dist. April 15, 2013).  The Report concluded this was not an unreasonable application of *Strickland* (Report, Doc. No. 31, PageID 1876-77).

Vore objects, raising again his claim that both the Twelfth District and the Magistrate Judge failed to appropriately accumulate trial counsel's deficient performances (Objections, Doc. No. 33, PageID 1906-07).  This Ground for Relief needs no further analysis.

**Ground Seven:  Ineffective Assistance of Trial Counsel in Impeaching State's Witnesses Goodman and Bogatyrev**

In his Seventh Ground for Relief, Vore asserts his trial attorney provided ineffective assistance in not challenging the testimony of State's witnesses Ryan Goodman and Alexey Bogatyrev.  The Report recommended deference to the Twelfth District's merits decision. Although Vore objects (Doc. No. 33, PageID 1907), no further analysis is warranted.

**Ground Eight:  Failure to Grant Retroactive Effect to State Legislation**

In his Eighth Ground for Relief, Vore claims the state court erred when resentencing him by not doing so pursuant to H.B. 86.  Vore raised this claim on direct appeal from his resentencing and the Twelfth District rejected it on the merits.  The Report recommended rejecting this claim on the basis that the United States Constitution does not require that state court decisions be applied retroactively (Doc. 31, PageID 1878-79).

Vore objects, but offers no federal precedent to the contrary (Objections, Doc. No. 33, PageID 1907-08).  No further analysis is required on this claim.

**Conclusion**

Having reconsidered the case in light of Vore's Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 17, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).