# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WILLIAM BERNARD VORE,

        Petitioner,    :    Case No. 1:13-cv-800

- vs -    District Judge Susan J. Dlott
    Magistrate Judge Michael R. Merz

WARDEN, Richland Correctional Institution,

    :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Court on Petitioner William Vore's Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)(ECF No. 41).

The Motion is a proper motion for relief from judgment rather than a second or successive habeas corpus petition because it seeks a remedy for an asserted flaw in this Court's judgment. *Gonzalez v. Crosby,* 545 U.S. 524 (2005).

A motion for relief from judgment is, of course, a post-judgment motion deemed referred to the assigned magistrate judge for a report and recommendations and not for decision. 28 U.S.C. § 636(b)(3).

This case is presently on appeal to the Sixth Circuit (See Notice of Appeal, ECF No. 40, and assignment of Sixth Circuit Case No. 15-3085). The Sixth Circuit docket indicates the appeal remains pending and the circuit court has not yet decided whether to grant a certificate of appealability.

1

Filing a notice of appeal divests the District Court of jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals.  *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981).

The general rule used to mean that a district court has no jurisdiction to consider a motion for relief from judgment after a timely notice of appeal. However, effective December 1, 2009, the Rules of Civil Procedure were amended to add Fed. R. Civ. P. 62.1 which provides:

> **Rule 62.1.  Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal**
>
> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>   (1) defer considering the motion;
>   (2) deny the motion; or
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

Thus this Court has jurisdiction to consider the instant Motion under Fed. R. Civ. P. 62.1.

Vore's theory is that the Court's final judgment "did not sufficiently engage in a reasoned assessment of each of Mr. Vore's claims when denying him a Certificate of Appealability in this case." (Motion, ECF No. 41, PageID 1976.)

2

The original Report and Recommendations on the merits in this case is forty pages in length. *Vore v. Warden, Richland Corr. Inst.,* 2014 U.S. Dist. LEXIS 162905 (S.D. Ohio Nov. 20, 2014).  It contained a very brief, conclusory, recommendation on the certificate of appealability question: "Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability. . . ." *Id.* at *57.  Vore filed a twenty-seven page set of objections, but never objected that the recommendation on certificate of appealability was too conclusory.

On recommittal from District Judge Dlott, the Magistrate Judge filed a Supplemental Report and Recommendations which is twenty pages long.  *Vore v. Warden*, 2014 U.S. Dist. LEXIS 174175 (S.D. Ohio Dec. 17, 2014).  This Supplemental Report contains the same conclusory language as the original Report. *Id.* at *28.  This report and recommendations also garnered objections from Mr. Vore.  This time he did mention a certificate of appealability; but usually in the context of arguing the merits, he would conclude that the Court "at the very minimum should order an evidentiary hearing or grant a certificate of appealability."  (See, e.g., Objections, ECF No. 37, PageID 1954.)  These Objections never cite *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), where the Supreme Court held that to obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, nor do they make any argument to show debatability.  Not surprisingly, Chief Judge Dlott's adoption language on the certificate of appealability question is a cursory as the Magistrate Judge's recommendations on that question and as conclusory as Vore's argument.  *See Vore v. Warden*, 2015 U.S. Dist. LEXIS 798 (S. D. Ohio Jan. 6, 2015).

As authority for the degree of analysis he believes is required, Vore cites *Murphy v. Ohio*,

3

263 F.3d 466[1] (6th Cir. 2001)" (Motion, ECF No. 41, PageID 1977). *Murphy* is a capital habeas corpus case in which the district court wrote a ninety-two page memorandum opinion on the merits but entered a blanket denial of a certificate of appealability. The Sixth Circuit remanded, relying on its decision in *Porterfield v, Bell,* 258 F.3d 484 (6th Cir. 2001) which had reversed a blanket grant of a certificate, and ordering "reconsideration of each claim raised by Murphy in light of *Slack*. *Id.* at 467.

Vore also relies on *Geneva v. Lazaroff,* 77 Fed. Appx. 845 (6th Cir. 2001), where the Sixth Circuit in denying a petition for habeas corpus, noted that it had previously remanded "for a more particularized reasoning of [the district court's] denial [of a certificate of appealability] as mandated by" *Murphy*. *Id.* at 848. The district court again denied a certificate because all claims were procedurally defaulted. The Sixth Circuit found two issues were debatable and issued a certificate as to those, but eventually affirmed on procedural default grounds. *Id.* at 853.

Finally, Vore relies on *Joe v. Miller*, 2015 U.S. Dist. LEXIS 38880 (W.D. Mich. Mar. 27, 2015).[2] On initial review under Rule 4 of the Rules Governing § 2254 Cases, the petition was dismissed for want of jurisdiction without serving the Attorney General because Joe was no longer in custody. Purporting to follow *Murphy*, Judge Neff recited that she had "examined each of Petitioner's claims under the *Slack* standard" and denied a certificate of appealability without reciting the results of her review or even what the claims were.

The requirement for a certificate of appealability was adopted by Congress in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The statute as adopted prohibits appeal unless a certificate of appealability is issued by "a circuit justice or judge," but the Sixth Circuit determined shortly after the AEDPA was enacted that the more specific

---

[1] Vore cites the case inaccurately as appearing at page 460.
[2] Vore cites *Joe* as a Southern District of Ohio case, but the report shows it was decided by Judge Janet Neff of the Western District of Michigan.

language of Fed. R. App. P. 22(b) controlled and allowed district courts to issue certificates. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997).

After *Murphy* and *Geneva* were decided, the Supreme Court amended Rule 11 of the Rules Governing § 2254 Cases to provide that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Rule does not require any particular detail in the order, except that "[i]f the court issues a certificate, the court must state the issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11 also provides that denial of a certificate is not appealable, but petitioner may seek a certificate directly from the court of appeals, which is what Vore has done.

*Murphy* is the only case cited by Vore which has precedential import. In its opinion, the Sixth Circuit does not discuss at all the degree of detail needed in a denial of a certificate of appealabily nor whether a blanket denial is appropriate when a petitioner has not made the required "substantial showing of denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner Vore made no attempt at such a showing independent of his argument on the merits of his claims nor does he attempt such a showing in his instant Motion. Under these circumstances, the Magistrate Judge is reluctant to interpret the remand language in *Murphy* as broadly as Vore suggests, remembering that it is a capital case and "death is different." *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976).

It is accordingly respectfully recommended that Petitioner's Motion for Relief from Judgment be DENIED.

July 30, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

5

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).