IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

WILLIAM BERNARD VORE,

        Petitioner,    :    Case No. 1:13-cv-800

- vs -    District Judge Susan J. Dlott
    Magistrate Judge Michael R. Merz

WARDEN, Richland Correctional Institution,

        :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 43) to the Magistrate Judge's Report and Recommendations (ECF No. 42, the "Report") recommending denial of Vore's Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)(ECF No. 41). District Judge Dlott has recommitted the matter for reconsideration in light of the Objections (Recommittal Order, ECF No. 44).

Vore's theory for relief from judgment is that the Court's final judgment "did not sufficiently engage in a reasoned assessment of each of Mr. Vore's claims when denying him a Certificate of Appealability in this case." (Motion, ECF No. 41, PageID 1976.)  The Report noted the impact of Fed. R. Civ. P. 62.1 on Fed. R. Civ. P. 60(b) motions when an appeal is pending, as it is in this case, concluded that no binding precedent of the Sixth Circuit requires any such reasoned assessment in a non-capital case.

The Report noted that Vore had not attempted to make a showing of entitlement to a

1

certificate of appealability either before judgment was entered or in his Motion for Relief from Judgment (Report, ECF No. 42, PageID 1982).  Vore objects that he was not required to do so.  Rather, he says, the purpose of a Rule 60(b) motion is to point out to a trial court its procedural mistakes in entering judgment and then, after the judgment is reopened, to seek a new judgment (Objections, ECF No. 43, PageID 1987).

The Magistrate Judge disagrees.  In order to be eligible for relief under 60(b), the movant must demonstrate the following: that he has a meritorious claim or defense.  *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1160 (6th Cir. 1980), *citing Ben Sager Chemicals International, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 808 (7th Cir. 1977); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *Central Operating Company v. Utility Workers of America*, 491 F.2d 245 (4th Cir. 1974).  Vore has made no showing of entitlement to a certificate of appealability if the judgment were reopened and thus does not qualify for relief under Rule 60(b).

Vore also contends that the Report's distinction of *Murphy v. Ohio,* 263 F.3d 466 (6th Cir. 2001), on the basis that it was a capital case is in error and therefore a district court must engage in a "reasoned assessment of each of petitioner's claims when making a determination on whether to issue a" certificate of appealability.  (Objections, ECF No. 43, PageID 1988.)  The Court did make a reasoned assessment of the merits of each of Vore's Grounds for Relief, filing a combined sixty pages of analysis to that effect.  *Vore v. Warden, Richland Corr. Inst.,* 2014 U.S. Dist. LEXIS 162905 (S.D. Ohio Nov. 20, 2014); *Vore v. Warden*, 2014 U.S. Dist. LEXIS 174175 (S.D. Ohio Dec. 17, 2014).  The Court made no separate reasoned assessment of Vore's claims to a certificate of appealability because he made no reasoned argument to establish that he satisfies the standard for a certificate of appealability on any of those Grounds for Relief.  There is no binding precedent of the Sixth Circuit requiring a District Court to speculate what

arguments a petitioner might have made in favor of a certificate of appealability and then assess those possible arguments. Rule 11 of the Rules Governing § 2254 Cases as amended after *Murphy*, *supra*, requires us to decide about a certificate of appealability when denying habeas relief but does not require the speculative exercise Vore's position would require.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that Vore's Motion for Relief from Judgment be DENIED.

August 19, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge