IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

WILLIAM BERNARD VORE,

        Petitioner,   :   Case No. 1:13-cv-800

- vs -   District Judge Susan J. Dlott
   Magistrate Judge Michael R. Merz

WARDEN, Richland Correctional Institution,
   :
        Respondent.

## SUPPLEMENT TO REPORTS AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

     This habeas corpus case is pending on Petitioner's Motion to Vacate Judgment under Fed. R. Civ. P. 60(b)(6)(ECF No. 41).  The Magistrate Judge has filed a Report and Recommendations (ECF No. 42), and, on recommittal from Judge Dlott, a Supplemental Report and Recommendations to the same effect (ECF No. 45).  The Supplemental Report is pending possible objections by Vore whose time to object has not yet expired.

     In the original Report, the Magistrate Judge noted that the underlying case was on appeal to the Sixth Circuit (See Notice of Appeal, ECF No. 40, and assignment of Sixth Circuit Case No. 15-3085).  On August 27, 2105, the Sixth Circuit denied Vore's request to that court for a certificate of appealability on every ground on which he requested one and dismissed his appeal.  *Vore v. Bradshaw*, Case No. 15-3085 (unreported, copy at ECF No. 46).

     The Sixth Circuit's denial of a certificate of appealability on every requested ground renders the instant Motion moot.  In addition, the Sixth Circuit rejected the argument Vore

1

makes here.  It held

> Vore's last claim is that the district court failed to perform a reasoned assessment of each claim when it denied a COA. But the district court exhaustively analyzed each of Vore's habeas claims before determining that none involved a substantial showing of the denial of a constitutional right. See *Vore*, 2014 WL 6606189; *Vore*, 2014 WL 7227972.

(ECF No. 46, PageID 2000.)  Thus the circuit court not only rendered the instant Motion moot, but rejected the legal argument on which Vore relies in the Motion.

For these additional reasons, it is again respectfully recommended that the Motion to Vacate Judgment be DENIED.

August 31, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).